IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | 6:17-cv-00016-RWS-KNM |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| JUNIPER NETWORKS, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**BLUE SPIKE'S OPPOSITION TO JUNIPER NETWORKS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)(DKT. 8)**

Juniper Networks, Inc.'s ("Juniper Networks") request for dismissal should be denied because venue is proper in this district. Juniper Networks has a regular and established place of business in Plano, employs workers here, and conducts trainings in this district—facts that establishes jurisdiction here under prong 2 of § 1400(b). Tellingly, Juniper Networks does not even argue venue is improper in this district. Rather, Juniper Networks merely argues that Blue Spike's complaint fails to allege a proper basis for venue in light of *TC Heartland*. But Juniper Networks' attempt to dismiss on a technicality is a nonstarter, since this court may consider evidence beyond the pleadings when determining venue. At the very least, the evidence is sufficient to warrant jurisdictional discovery.

**I.   DISMISSAL SHOULD BE DENIED BECAUSE VENUE IS PROPER IN THIS DISTRICT.**

Juniper Networks' motion to dismiss should be denied because venue is proper in this District. Venue is proper "where the defendant has committed acts of infringement and has a regular and established place of business." § 1400(b). "The Fifth Circuit has held that

1

a corporation has a regular and established place of business where one of its divisions operates, even if that division is not part of the infringing activity." *Cobalt Boats, LLC v. Sea Ray Boats, Inc. & Brunswick Corp.*, Case No. 2:15-cv-21, Dkt. No. 298, at *8 (citing *Gaddis v. Calgon Corp.*, 449 F.2d 1318, 1320 (5th Cir. 1971). Here, Juniper Networks has a regular and established place of business in this District. For one, Juniper Networks has a "Plano Texas facility." *See*, Ex. 1. Juniper Networks employs a number of workers in this district. *See*, Ex. 2. Juniper Networks conducts training in this district, such as in Frisco, Texas. *See*, Ex. 3. And Juniper Networks even contracts with NetCom Learning to provide classes to teach people in this District how to use Juniper's infringing technology. *See*, Ex. 4 ("Attend Juniper Networks training in Plano."); *see also*, Exs. 5, 6. These facts strongly establish venue over Juniper Networks in this district.

Underscoring just how proper venue over Juniper Networks is in this district, ***Juniper Networks previously moved to transfer venue to the Eastern District of Texas*** in another case. *Juniper Networks, Inc. v. GraphOn Corporation and Vertical Marketing, Inc., et al.*, 1:09-cv-287, Dkt. 28, at *7 (E.D. Tex. May 22, 2009) (where Juniper Networks admitted "it is undisputed that GraphOn could have brought its counterclaims [against Juniper Networks] in the Eastern District of Texas"), *attached as* Ex. 7; *see also* Order Granting Juniper Networks Transfer to Eastern District of Texas, *attached as* Ex. 8. Juniper Networks' motion to transfer to this district is not unknown to Juniper Networks' counsel in this case who have been accused of "playing an elaborate game of hopscotch" in fighting venue. *See* Ex. 9 (in which an article from The American Lawyer notes that Juniper Networks' attorneys may be "[c]razy like a fox" for their unorthodox venue gamesmanship"). Indeed, at least one attorney of record in this case was also involved in

2

Juniper Networks' transfer to this district. *See* Ex. 10. Juniper Networks should not be allowed to forum shop and transfer to this district in one case, only to argue this district is not a proper venue in this case.

Juniper Networks' sole argument is not that venue is improper in this district. Rather, Juniper Networks merely argues that Blue Spike did not properly establish venue in its complaint. This technicality ignores that Juniper Networks raised no issue with Blue Spike's venue pleadings before *TC Heartland*. But more importantly, this Court is free to examine evidence outside of the pleadings when determining venue. *See*, *Luci Bags LLC v. Younique, LLC*, 4:16-CV-00377, 2017 WL 77943, at *3 (E.D. Tex. Jan. 9, 2017) ("The Court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments.") (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)).

For these reasons, Blue Spike respectfully asks the Court to deny Juniper Networks' motion to dismiss.

## II. BEFORE RULING ON JUNIPER NETWORKS' MOTION TO DISMISS, BLUE SPIKE SHOULD BE AFFORDED VENUE-RELATED JURISDICTIONAL DISCOVERY.

To the extent the Court believes the evidence Blue Spike has provided is not sufficient to warrant dismissal of Juniper Network's motion, jurisdictional discovery is warranted. Blue Spike requests venue-related discovery in order to efficiently determine the nature and measure of Juniper Networks' regular and established place of business here. In the wake of *TC Heartland*, other judges in this District have already indicated that venue-related jurisdictional discovery may be appropriate where defendants have filed motions to dismiss pursuant to Rule 12(b)(3) as Juniper Networks has. *See,* Blue Spike, LLC v. Verimatrix, Inc., et al., Case No 2:16-cv-329, Dkt. No. 153, at *1 (E.D. Tex. June,

1 2017) (in which the Court required the parties to provide supplemental briefing on the defendant's Rule 12(b)(3) motion and noted that the parties should brief "whether the parties anticipate a need for venue-related discovery"), *attached as* Exhibit 11; *Plano Encryption Technologies, LLC v. Alkami Technology, Inc.*, Case No. 2:16-cv-1032, at *1 (E.D. Tex. May 26, 2017) (in which the Court issued an order *sua sponte* requiring supplemental briefing and requiring the parties to note "whether the parties anticipate a need for venue related discovery), *attached as* Exhibit 12. Here, venue-related discovery is appropriate. Therefore, Blue Spike respectfully requests an opportunity to conduct venue-related discovery.

### III. IN THE EVENT THE COURT DECIDES VENUE IS IMPROPER, BEFORE OR AFTER JURISDICTIONAL DISCOVERY, THIS CASE SHOULD REMAIN UNDER HERE UNDER MULTI-DISTRICT LITIGATION.

Even if the Court does not find venue proper, Juniper Networks will still be transferred here under an MDL from another District for pretrial purposes. Juniper should remain here (just as it wants to be in the other case it had transferred to this District) to serve as one of about 6 cases pending in this district to be cited by Blue Spike in its motion to transfer for consolidated pre-trail purposes under 28 U.S.C. § 1407. In enacting § 1407, Congress specifically identified patent cases as among the type of disputes well-suited for MDL centralization. *See* H.R. Rep. No. 90-1130, at 3, reprinted in 1968 U.S.C.C.A.N. 1898, 1900 ("The types of cases in which massive filings of multidistrict litigation are reasonably certain to occur include . . . patent and trademark suits . . .").

Consistent with the MDL statute's purpose, the [MDL] Panel has recently and repeatedly ordered MDL centralization in patent cases presenting common questions of infringement, invalidity, damages, and claim construction, recognizing the benefits of the efficient and consistent resolution of those common questions through coordinated or

4

consolidated pretrial proceedings. *See, e.g., In re Nebivol ('040) Patent Litig.*, MDL No. 2364, 2012 WL 2175770, at *2 (J.P.M.L. June 12, 2012); *In re Maxim Integrated Prods., Inc., Patent Litig.*, MDL No. 2354, 2012 WL 2126807, at *3 (J.P.M.L. June 11, 2012); *In re Bear Creek Techs., Inc. ('722) Patent Litig.*, MDL No. 2344, 2012 WL 1523340, at *4 (J.P.M.L. May 2, 2012); *In re Innovatio IP Ventures, LLC*, Patent Litig., MDL No. 2303, 2011 WL 6890252, at *1 (J.P.M.L. Dec. 28, 2011); *In re Webvention LLC ('294) Patent Litig.*, MDL No. 2294, 2011 WL 6369829, at *1 (J.P.M.L Dec. 15, 2011). *In re TransData, Inc. Smart Meters Patent Litig.*, MDL No. 2309, 2011 WL 6369878, at *1 (J.P.M.L. Dec. 13, 2011); *In re Vehicle Tracking & Sec. Sys*. ('844) Patent Litig., 807 F. Supp. 2d 1380, 1381 (J.P.M.L 2011); *In re Fenofibrate Patent Litig.*, 787 F. Supp. 2d 1352, 1353 (J.P.M.L. 2011). Here, Blue Spike's case against Juniper Networks involves not only overlapping facts and asserted patents, but also involves overlapping legal issues with invalidity, claim construction, and non-infringement.

## CONCLUSION

Venue is proper in this case and thus Juniper Networks' motion should be dismissed. At the very least, Blue Spike respectfully requests an opportunity to conduct venue-related discovery.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com

5

Garteiser Honea, P.C.
119 W. Ferguson Street
Tyler, Texas 75702
Phone/Fax: (888) 908-4400

Kirk J. Anderson
　California Bar No. 289043
　kanderson@ghiplaw.com
Ian Ramage
　California Bar No. 224881
　iramage@ghiplaw.com
Garteiser Honea, P.C.
44 North San Pedro Road
San Rafael, California 94903
(415) 785-3762
(415) 785-3805 fax

*Counsel for Blue Spike, LLC*

**Certificate of Service**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this date stamped above.

              /s/ Randall Garteiser