IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

BLUE SPIKE, LLC,

    *Plaintiff*,

    v.

JUNIPER NETWORKS, INC.,

    *Defendant*.

Case No. 6:17-cv-00016-RWS-KNM

**JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA**

# PRELIMINARY STATEMENT

This is no ordinary case. Before Blue Spike amended its complaint, it was the largest patent infringement suit ever.[1] The narrowed case remains one of the largest ever with 113 products accused of willfully infringing fourteen patents-in-suit. Given the expanse of Blue Spike's allegations, the enormity of relevant witnesses and documents located at Juniper's headquarters in the Northern District of California is unsurprising. Indeed, Juniper has identified fifteen technical witnesses to date with discrete knowledge and responsibilities regarding the accused products. And Juniper expects to identify additional witnesses as its investigation continues since it employs 1,800 engineers in Sunnyvale and Blue Spike has accused nearly Juniper's entire product suite of infringement.

Instead of disputing the extent of relevant evidence located in the Northern District of California, Blue Spike contends that it lacks significance in the transfer analysis. But bedrock Fifth Circuit, Federal Circuit, and Eastern District jurisprudence contradicts Blue Spike's assertion. The Federal Circuit has declared that "[t]he convenience of the witnesses is probably the single most important factor in a transfer analysis."[2] And the Fifth Circuit has described the location of documents as a "meaningful factor" even in the era of electronic discovery.[3]

Blue Spike also asserts that judicial efficiency trumps all other factors. The law says otherwise.[4] But Blue Spike's misapplication of the law is also factually misplaced as a transfer to California would best serve judicial efficiency. Indeed, a pending Blue Spike case against

---

[1] Ex. 1, Nicole Narea, *Blue Spike Trims What was Largest Ever US Patent Suit*, Law360, May 24, 2017.

[2] *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *3 (E.D. Tex. Feb. 15, 2012) (Gilstrap, J.); *In re Nintendo Co. Ltd.*, 589 F.3d 1194, 1198-99 (Fed. Cir. 2009).

[3] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (*en banc*).

[4] *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010).

Toshiba in the Northern District of California involves eleven of the fourteen patents-in-suit.

Blue Spike otherwise argues that "the interests of justice" counsels against transfer based on Juniper's alleged prior forum shopping. But the Juniper actions that Blue Spike cites show the opposite of forum shopping—i.e. Juniper consistently advocating for the Northern District of California as the proper forum when accused of patent infringement. And moreover, the Federal Circuit has pronounced a party's prior forum selection irrelevant to the transfer analysis.[5]

Accordingly, both the traditional transfer factors and the interest of justice support transfer to the Northern District of California.

## ARGUMENT

Blue Spike's Amended Complaint accuses 113 separate Juniper products of infringing fourteen patents. Based on those far-ranging assertions, Juniper has identified fifteen technical witnesses to date located in its Sunnyvale, California headquarters. Each of the witnesses has discrete technical knowledge regarding the accused functionality in the relevant products.[6] In addition, Juniper identified that its non-technical witnesses and relevant third-party component manufactures are also located in the Northern District of California.[7] Eschewing these facts, Blue Spike instead attempts to eliminate this factor from the transfer analysis, stating that "it hardly matters where witnesses are located."[8] But the Federal Circuit has disagreed, describing the location of witnesses as the "single most important factor" in a transfer analysis.[9]

---

[5] *Genentech*, 566 F. 3d at 1346.

[6] Dkt. No. 32-1, Decl. of S. Coonan at ¶ 9.

[7] *Id*. at ¶¶ 13-14. Dkt. No. 32, Juniper's Motion to Transfer (Juniper Mot.) at 2, 4, 9. Individuals at Broadcom and Marvell, not Juniper, are in the best position to identify the specific witnesses with relevant knowledge.

[8] Dkt. No. 45, Blue Spike's Opposition at 11.

[9] *Genentech*, 566 F.3d at 1343.

Blue Spike's two additional arguments regarding this factor—that Juniper has employees in Texas and that Blue Spike's founder has "health issues"—do not tip the transfer balance. Unlike the witnesses Juniper identified, the Juniper employees in Texas do not have any unique information or knowledge regarding the accused products.[10] And Blue Spike has not presented any evidence to the contrary. As for Mr. Moskowitz's health issues and inability to travel, the submitted declaration discloses that his doctor is located in Florida.[11] And Judge Craven previously analyzed the same declaration from Mr. Moskowitz's doctor before transferring Blue Spike's case against 3M Cogent out of the Eastern District.[12]

Blue Spike also does not dispute that Juniper, as the defendant, will have the majority of relevant documents—including hardware guides, source code, schematics, marketing documents, financial reports, and hard copy documents. The disparity between the amount of plaintiff's and defendant's relevant documentation is even more acute here where Blue Spike has accused 113 products of infringement. Instead of addressing this issue, Blue Spike again seeks to remove this factor from the transfer analysis arguing that "in this age of electronic discovery, the location of evidence is almost entirely irrelevant."[13] But the Fifth Circuit has declared that the location of relevant documents still remains a "meaningful factor" even in age of electronic discovery.[14]

Further, Blue Spike does not dispute that this Court has limited familiarity with the 14

---

[10] Dkt. No. 32-1, Decl. of S. Coonan at ¶ 17. And Juniper identified in its motion that it has sales offices and employees in Texas. Dkt. No. 32, Juniper Mot. at 3.

[11] Dkt. No. 45-15 Decl. of S. Unger at ¶¶ 2,6. Juniper notes that the flying time on a nonstop flight from DFW to MIA (Miami, FL) is 2 hours 48 minutes, the flying time from DFW to SJC (San Jose, CA) is 3 hours and 40 minutes, and the drive time from Flower Mound to Tyler is 2 hours and 29 minutes.

[12] *See Blue Spike v. 3M Cogent, Inc.*, 2014 WL 10005586, at *6 (E.D. Tex. July 11, 2014) (Craven, J.).

[13] Dkt. No. 45, Blue Spike Opposition at 10.

[14] *Volkswagen*, 545 F.3d at 316. And Blue Spike's attempt to argue that Blue Spike, Inc.—located in Florida—would not have any relevant discovery is unavailing. Mr. Moskowitz is the CEO and founder of both companies and Blue Spike, Inc. allegedly corresponded and met with Juniper regarding some of the technology at issue in 2002 and 2003.

patents-in-suit since it has only construed one of them, and, after doing so, transferred that case to California.[15] Instead, Blue Spike argues that the presence of four other cases in the Eastern District alone warrants denial of Juniper's transfer request.[16] But that is not the case where, as here, only a minority of common patents are asserted, the cases involve different accused products, and the cases are in their infancy.[17] Indeed, the four cases pending in the Eastern District involve a total of five of the fourteen patents-in-suit here, while the one Blue Spike case currently pending in the Northern District of California—*Blue Spike, LLC v. Toshiba Am. Info. Sys., Inc.*—involves eleven.[18] Further, the four defendants Blue Spike identified—LeEco, Razer, MarkAny, and Nook Digital—manufacture and sell smartphones, virtual currency, watermarking software, and tablets, not the switches and routers Juniper makes and sells.[19]

Blue Spike also argues that the interests of justice warrant denial of Juniper's transfer request. Not so. First, Juniper has not participated in forum shopping. For example, in the *GraphOn* case, Juniper sought to consolidate the Eastern District case with the counterclaims in the Eastern District of Virginia since the cases involved the same parties, the same accused products, and related patents.[20] Indeed, Juniper specifically requested that the Eastern District of Virginia transfer the counterclaims to the Northern District of California in the event that Judge

---

[15] Dkt. No. 32, Juniper's Mot. at 12.

[16] Dkt. No. 45, Blue Spike's Opposition at 6-8.

[17] *GeoTag, Inc. v. Rent-A-Center, Inc.*, 2013 WL 12107796 at *7 (E.D. Tex. ) (Gilstrap, J.); *see Zimmer Holdings*, 609 F.3d at 1382.

[18] Ex. 2, Complaint in *Blue Spike v. Toshiba*, Case No. 5:17-cv-4780 (N.D. Cal.) at 2-4.

[19] *See* Ex. 3, Dkt. No. 35 in MDL No. 2794, Defendants' Opposition to MDL Transfer at 7.

[20] By way of background, GraphOn had sued Juniper on a set of patents in this jurisdiction. In a lawsuit Juniper brought against GraphOn in the Eastern District of Virginia for infringement of one of Juniper's patents, GraphOn counterclaimed for infringement of patents related to those it was asserting in this jurisdiction. Juniper then sought to transfer that counterclaim to the Eastern District since it involved the same parties, related patents, and the same accused products.

4

Everingham transferred the Texas action there, which ultimately occurred.[21] Second, a party's prior forum choice in unrelated cases is irrelevant to the transfer analysis. In *In re Genentech*, the Federal Circuit held that the district court committed "clear error" in considering such facts.[22]

As for the remaining issues—compulsory process and the local interest in having localized interests decided at home—both continue to favor transfer. Blue Spike has not identified any non-party witnesses located within the subpoena power of the Eastern District. In its motion, Juniper identified two manufacturers located in the Northern District of California who supply Juniper with relevant components used in the accused products—Marvell Technology Group and Broadcom Ltd.[23] And Juniper has a local interest because Blue Spike's accusations "call[] into question the work and reputation of several individuals residing in" the Northern District of California.[24] Indeed, any of the alleged meetings between the parties and subsequent copying took place in California, not in Texas.

**CONCLUSION**

It undisputed that at least fifteen witnesses reside in the Northern District of California and only one in the Eastern District. It is also undisputed that majority of the evidence is located in the Northern District of California. And it is undisputed that judicial efficiency and the interests of justice support transfer. Thus, Juniper respectfully requests that this Court transfer this case to the Northern District of California, making it the fourteenth Blue Spike transferred out of the Eastern District and eighth transferred to the Northern District of California.

---

[21] *Id*. at 3 n.7. Blue Spike also incorrectly describes the facts related to Juniper's motion to dismiss. Juniper filed a motion to dismiss because the venue assertions in Blue Spike's complaint were deficient under the Supreme Court's ruling in *TC Heartland*. Blue Spike then offered to transfer the case in lieu of dismissal, which Juniper declined. After analyzing the quickly-evolving jurisprudence on venue after *TC Heartland*, Juniper offered to accept Blue Spike's transfer proposal. When Blue Spike reneged, Juniper withdrew its motion, indicating it would file a motion to transfer.

[22] 566 F. 3d at 1346 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)).

[23] Dkt. No. 32, Juniper's Mot. at 2, 4, 9.

[24] *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

Dated: September 20, 2017

Respectfully submitted,

/s/ *Alan M. Fisch*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
Kathleen Ryland (*pro hac vice*)
*kathleen.ryland@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
(202) 362-3500

Melissa R. Smith (TX Bar No. 24001351)
*melissa@gillamsmithlaw.com*
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450

*Attorneys for Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 20, 2017, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Eastern District of Texas, Tyler Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

                                                  By: */s/ Alan M. Fisch*
                                                          Alan M. Fisch