UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:17-cv-00016-RWS-KNM |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| JUNIPER NETWORKS, INC., | § | |
| | § | |
| Defendant. | § | |

**BLUE SPIKE'S SURREPLY TO JUNIPER NETWORKS'
MOTION TO TRANSFER VENUE [DKT. 17]**

Blue Spike LLC ("Blue Spike") files this surreply to correct the record and address misrepresentations in Juniper Networks, Inc.'s ("Juniper Networks") Reply in Support of its Motion to Dismiss or Transfer. "Reply," Dkt. 17.

Defendant begins its reply with the assertion that, "[b]efore Blue Spike amended its complaint, it was the largest patent infringement suit ever." *See* Reply, at 2. In support of this claim, Defendant cites a Law360 article reviewing Blue Spike's litigation with Juniper Networks.[1] And where does the author of the Law360 article find support for its conclusion about the extent of Blue Spike's litigation? Juniper Networks' own unsupported assertions. *See* Reply, Ex. 1 (noting that in the course of litigation Juniper Networks "asserted that Blue Spike suit constituted the largest U.S. infringement case based on the number of patents and accused products at stake, as well as potential claims"). The weakness in Juniper Networks' position is apparent in the circular logic on which it bases its Reply.

Defendant is correct, however, when it asserts that "[t]his is no ordinary case," but not for the reasons Defendant states. *See* Reply at 2. What is extraordinary about this case is the pervasive willful infringement involved and Juniper Network's attempts to avoid a trial on the merits at all costs. Time after time Juniper Networks has misconstrued case law in an attempt to support its unwinnable position. The most recently in its Reply, Juniper Networks states that the Federal Circuit has declared that the location of the witnesses is the "single most important factor" in a transfer analysis. *See* Reply, at 3. This is untrue. On the contrary, in the referenced case, the Federal Circuit cites the holding of a district court, then proceeds to come to a different conclusion—that the location of witnesses is only an "important factor." *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); Reply, at 3. Furthermore, Juniper Networks also recognizes the availability of compulsory process in a given district as another

---

[1] *See* Reply, Ex. 1, Nicole Narea, *Blue Spike Trims What was Largest Ever US Patent Suit*, Law360, May 24, 2017.

[2] *See generally Juniper Networks v. GraphOn*, Case 1:09-cv-287, Dkt. 28 (E.D. Va. May 22, 2009)

important factor. However, tellingly, Defendant still is unable to identify any specific non-party witnesses with relevant information to this case, despite Blue Spike specifically pointing out in its opposition that this Court routinely finds such vague assertions about "potential" non-party witnesses unpersuasive. *See* Opp. at 12.

In terms of the location of witnesses, as argued by Blue Spike in its opposition, this Court has already acknowledged Blue Spike founder Mr. Moskowitz's medical issues as an important issue weighing against transfer. *See Blue Spike, LLC v. Texas Instruments, Inc., et al.*, Case 6:12-cv-499, Dkt. 1623 at 11-12. Moskowitz's health issues are significant and sufficient to nullify any potential inconvenience to Defendant's witnesses, despite Defendant's insinuations that Moskowitz's health difficulties are overblown. Yet, Defendant's argument is just that argument. Defendant is able to depose Mr. Moskowitz but not surprisingly, like with the "potential" third party witnesses, Juniper has not even served a notice of his deposition. Juniper Networks wants to just make conclusory statements with no factual support. Juniper Networks points out that Moskowitz is capable of travel from Texas to Florida and thus implies Moskowitz lacks true limitations regarding long-distance travel; however, Blue Spike has already detailed extensively that this travel is necessary in part due to the specialized medical treatment Moskowitz receives in Florida. *See* Opp. at 11.

Further, Juniper Networks reiterates that its potential witnesses in Texas do not have "unique information or knowledge regarding the accused products." Reply at 4. However, this does not mean that such witnesses do not have sufficient knowledge regarding those products. Juniper Networks has cherry-picked its roster of witnesses to support its transfer motion is hardly remote given the Defendant's history of forum-shopping tactics.[2] Most notably, Juniper

---

[2] *See generally Juniper Networks v. GraphOn*, Case 1:09-cv-287, Dkt. 28 (E.D. Va. May 22, 2009) (seeking transfer to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a)).

2

Networks does not dispute that its employees in this District are capable of testifying on Juniper Networks' behalf.

Juniper Networks already withdrew its motion to dismiss for lack of venue because it acknowledged that venue is proper here. But Juniper Networks did not do so, until after Blue Spike exposed Juniper Networks past forum-shopping. Expectedly, Juniper Networks denies it has engaged in forum-shopping. Nevertheless, Juniper Networs is compelled to point out that, if it were in fact forum-shopping, "prior forum choice in unrelated cases is irrelevant to the transfer analysis." *See* Reply, at 6. However, Juniper Networks does not deny—and cannot deny—that it has sought transfer to the Eastern District of Texas in the past and now finds that same forum utterly unacceptable. *See GraphOn*, Case 1:09-cv-287, Dkt. 28. To ignore Defendant's history of forum-shopping would tacitly condone and support Defendant's attempt to subvert justice.

Furthermore, Juniper Networks' Reply offers nothing new in terms of judicial economy. Indeed, Juniper Networks acknowledges that a common core group of five patents is shared by the cases in this District. *See* Reply at 4. Moreover, while Juniper Networks notes that the products are not absolutely identical across the litigation, they do possess sufficient similarities so that common questions of fact will be presented. This district has already addressed some of these questions as well as engaged in claim construction. Juniper Networks suggests erroneously that the Northern District of California would be the judicially efficient choice of forum, despite the fact that it lacks the Eastern District of Texas' significant history with Blue Spike's litigation. In fact, Juniper Networks contradicts its own argument from previous litigation; when Juniper Networks attempted to transfer *to* the Eastern District of Texas, it argued that the presence of related litigation in this same district was then a "key factor" in favor of transfer. *See Graphon*, Case 1:09-cv-287, Dkt. 28 at 9.

3

Finally, Defendant offers nothing new to suggest that this District's local interest in adjudicating this case is in any way less substantial than that of the Northern District of California.

**CONCLUSION**

For the foregoing reasons, Blue Spike respectfully repeats its request that the Court deny Juniper Networks' motion to transfer.

Respectfully submitted,

　/s/ Randall T. Garteiser　
Randall T. Garteiser
　Lead Attorney
　Texas Bar 24038912
　rgarteiser@ghiplaw.com
Christopher A. Honea
　Texas Bar 24059967
　chonea@ghiplaw.com
Kirk J. Anderson
　California Bar 289043
　kanderson@ghiplaw.com
GARTEISER HONEA, P.C.
119 W Ferguson St.
Tyler, Texas 75702
Tel/Fax: (888) 908-4400

*Counsel for Blue Spike LLC*

CERTIFICATE OF SERVICE

       I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

                                                 /s/ Randall T. Garteiser
                                                 Randall T. Garteiser