**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 6:17-CV-16-KNM** |
| **JUNIPER NETWORKS, INC.** | § | |
| | § | |

## ORDER

Before the Court is Defendant Juniper Networks, Inc.'s ("Juniper") Motion to Transfer Venue, wherein Defendant seeks a transfer to the Northern District of California pursuant to 28 U.S.C. § 1404. Doc. No. 32. The Court **GRANTS** Juniper's Motion to Transfer. Doc. No. 32.

## BACKGROUND

Plaintiff alleges that Defendant's 113 accused products infringe 26 U.S. Patents. Doc. No. 1. Blue Spike, LLC ("Blue Spike") is a Texas limited liability company with its headquarters and principal place of business in Tyler, Texas. *Id.* at 5. Juniper is a Delaware corporation with a principal place of business in Sunnyvale, California. Doc. No. 32 at 3.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404 (a). To determine a case's eligibility for transfer under § 1404(a) there must first be a threshold inquiry as to "whether the judicial district to which transfer is sought would have been in a district in which the claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If this threshold requirement is met, a court will balance a series of public and private factors relating to the convenience of parties and witnesses as well as the interests of particular

venues in hearing the case. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (2) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*").

The private and public factors are assessed on the date the motion was filed. *See Elbit Syus. Land & C4I Ltd. v. Hughes Network Systems, LLC,* No. 2:15-CV-37, Doc. No. 430 (E.D. Tex. July 19, 2017). While the private and public factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15. Further, while a plaintiff's choice of venue is not an explicit factor in this analysis, appropriate deference is afforded to the plaintiff's choice as reflected in a defendant's elevated burden to prove that the transferee venue is "clearly more convenient" than the trasferor venue. *Id.* at 315.

## DISCUSSION[1]

Juniper moves to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a). Doc. No. 32 at 1.

---

[1] Plaintiff spends a portion of its briefing accusing Defendant of stealing its inventions and detailing the procedural history of the case. *See* Doc. No. 45 at 1-5. However, these arguments are not relevant to a motion to transfer analysis and thus the Court does not address them.

**I.     Threshold Inquiry**

The threshold inquiry for a transfer is whether a civil action would have been proper in the transferor court. *Volkswagen II,* 545 F.3d at 213. Under *TC Heartland,* venue is proper where the defendant is incorporated, or where it has committed an act of infringement and maintains a regular and established place of business. *TC Heartland, LLC v. Kraft Food Group Brands, LLC,* 137 S. Ct. 1514, 1521 (2017).

Juniper asserts, and Blue Spike does not dispute, that this case could have been brought in the Northern District of California. Doc. No. 32 at 6. Juniper states that it is "headquartered in Sunnyvale, California, where it designed, tested, marketed, and sold the accused products." *Id.* Thus, this action could have originally been brought in the Northern District of California.

**II.     Convenience of the Parties Inquiry**

    a.   <u>Private Interest Factors</u>

        *i.   Relative Ease of Access of Proof*

The first private factor is the relative ease of access to sources of proof in each district. *See Volkswagen II,* 545 F.3d at 315. To meet its burden under this factor, a "movant must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties." *J2 Glob. Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009). "General statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties." *Id*.

Defendant asserts that the majority of its witnesses and documents are located in Sunnyvale. Doc. No. 32 at 2. Defendant states that its marketing, financial, and technical documents pertaining to the accused products are located in Sunnyvale. Doc. No. 32 at 7.

Juniper also notes that this Court has transferred thirteen Blue Spike cases—where seven were to the Northern District of California—out of the Eastern District of Texas because of the defendants' strong ties to California. Doc. No. 32 at 8.

Plaintiff argues that because all of its evidence is located in Tyler, this factor is neutral. Doc. No. 45 at10. Plaintiff also argues that the location of evidence is irrelevant because of electronic discovery. Doc. No. 45 at 10-11.

However, despite technological advances in the transportation of electronic documents, "the Court must consider the actual location of documents and physical evidence." *See Volkswagen II,* 545 F.3d at 316. Moreover, the Federal Circuit requires courts in patent infringement actions to assume that the bulk of all relevant evidence comes from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

The bulk of the relevant evidence in this action will likely come from Defendant as the accused infringer, especially given the 113 accused products. *See In re Genentech, Inc.*, 566 F.3d at 1345. Because Defendant's evidence is located in the Northern District of California, this factor weighs in favor of transfer.

### ii. Availability of Compulsory Process

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses. *Volkswagen II*, 545 F.3d at 304.

Defendant contends that there are no relevant non-party witnesses under the direct trial subpoena power of this Court, but there are potential non-party witnesses within the subpoena power of the Northern District of California. Doc. No. 32 at 11. Defendant argues that "[t]o the extent the [third-party] suppliers have relevant information, they would be subject to the compulsory process in the Northern District of California." *Id.*

Plaintiff argues that Juniper's speculative identification of potential third-party witnesses is insufficient to warrant transfer. Doc. No. 45 at 13.

The Court affords more weight to specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.,* No. 6:10-CV-229, 2010 WL 5068146 at *6 (E.D. Tex. Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses). Because Defendant does not affirmatively state that its potential non-party witnesses have relevant information, does not specifically identify those potential witnesses, and does not ascertain if those witnesses would be within the direct subpoena power of the Northern District of California, this factor is neutral.

### iii. Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. *In re Volkswagen I*, 371 F.3d at 203. This factor is generally the most important factor in a transfer analysis. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). Although this factor considers the convenience of both party and non-party witnesses, the court affords more weight to the convenience of non-party witnesses. *Phoenix Licensing, L.L.C. v. Gen. Motors, LLC*, No. 2:13-cv-1093, 2015 WL 1431906, at *2 (E.D. Tex. Mar. 30, 2015).

The Fifth Circuit has established a "100-mile rule" to analyze the cost of attendance for willing witnesses. When the distance between the original venue and the transferee venue is more than 100 miles, a court determines the respective distances between the residences or workplaces of all the identified material and relevant witnesses and the transferor and transferee venues. *Volkswagen II*, 545 F.3d 304 at 317. Transfer is favored if the transferee venue is a shorter average

distance from witnesses than the transferor venue. *See id*.

### 1. Non-party Witnesses

Defendant notes that the prosecuting law firm of the patents-in-suit, Neifeld IP Law, is located in Alexandria. *Id.* at 10. Defendant also notes that the two co-inventors of some of the patents-in-suit—Marc Cooperman and Mike W. Berry—reside in New York City and Seattle, Washington, respectively. *Id.* at 10. Defendant argues that there will be significant travel for these non-party witnesses to either the Northern District of California or the Eastern District of Texas, and so the convenience for these non-party witnesses is neutral.

Defendant also argues that the potentially relevant third-party witnesses—the employees of Marvell Technology Group and Broadcom Ltd.—would likely be located in the Northern District of California because they are headquartered in the Northern District. Doc. No. 32 at 9.

Plaintiff does not identify any potential non-party witnesses.

Neifeld IP Law, Marc Cooperman, and Mike Berry, are potential non-party witnesses located in Alexandria, New York City, and Seattle, respectively. Doc. No. 32 at 4-5. Travel from Alexandria, New York, and Seattle is extensive to either the Northern District of California or the Eastern District of Texas and thus their convenience does not favor either locale.

The other identified non-party witnesses are Defendant's third-party suppliers. Defendant does not affirmatively state that these witnesses have relevant and material information. Because Defendant only speculatively identifies these potential non-party witnesses, their convenience is discounted. *See Genetech,* 566 F.3d at 1343.

### 2. Party Witnesses

Defendant asserts that the majority of its witnesses reside in the Northern District of California. Doc. No. 32 at 9. Defendant states that fifteen of the twenty employees with relevant

6

technical information about the accused products work in Sunnyvale. *Id.* Defendant emphasizes that because there are 113 accused products, the number of Juniper witnesses will be significant, and thus the Northern District of California would be more convenient for its witnesses. *Id.*

Plaintiff contends that Defendant has employees in this District that are potential witnesses. *Id.* However, Defendant contests that characterization because while it does employ people in the Eastern District of Texas, Defendant represents that "the Juniper employees in Texas do not have any unique information or knowledge regarding the accused products." Doc. No. 50 at 3. Defendant also points out that Plaintiff does not provide evidence to contradict that statement and asserts that "[n]one of the relevant employees or documents [are] located in the Eastern District." Doc. No. 32 at 3.

Plaintiff also argues that the location of the witnesses is unimportant because witnesses for both parties will have to travel to testify at trial. Doc. No. 45 a t11. Plaintiff contends that the burden on Plaintiff's primary and only identified witness, Scott Moskowitz, significantly weighs against transfer. Doc. No. 45 at 11. Moskowitz is a co-inventor of all the patents-in-suit and the CEO of Blue Spike. *Id.* Moskowitz suffers from chronic inguinal neuropathy, which makes travel extremely difficult, as documented by his doctor's affidavit. Doc. No. 45-2; Doc. No. 46-5.

Here, Defendant identifies fifteen technical employees with relevant knowledge located in the Northern District of California, while Plaintiff only identifies Moskowitz who is located in the Eastern District of Texas and unable to travel due to his health. Doc. No. 45 at 9-10; Doc. No. 32 at 9.

"The health concerns of a party or witness can be an important factor in the determination of whether a § 1404(a) transfer is proper." *NGC Worldwide, Inc. v. Siamon,* No. 3:02-CV-170, 2003 WL 1987001 at *2 (D. Conn. April 23, 2003). This Court has previously given weight to

Moskowitz's medical condition as a factor that weighs against transfer in *Blue Spike, LLC v. Texas Instruments, Inc., et. al.,* No. 6:12-CV-499, Doc. No. 1623 at 11-12 (E.D. Tex. July 2, 2014) and *Blue Spike, LLC v. Facebook, Inc.,* No. 6:14-CV-987, Doc. No. 51 at 10 (E.D. Tex. Aug. 17, 2015). However, the Court has previously found that Moskowitz's health and location in this district does not outweigh the inconvenience for party and non-party witnesses. *Blue Spike, LLC v. Facebook, Inc.,* No. 6:14-CV-987, Doc. No. 51 at 10 (E.D. Tex. Aug. 17, 2015) (where Defendant specifically identified five party witnesses and identified some unnamed non-party witnesses).

Here, while the convenience of the non-party witnesses are neutral, Defendant has identified fifteen party-witnesses in the Northern District of California. Although Moskowitz's health is a factor in the analysis, his health alone does not outweigh the convenience of fifteen party witnesses. Thus, this factor favors transfer.

*iv. Judicial Economy*

The fourth private interest factor encompasses all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203. This also includes problems "that are rationally based on judicial economy." *DSS Tech. Mgmt., Inc. v. Apple, Inc.,* No. 6:13-CV-919, 2014 WL 684769 at *4 (E.D. Tex. Nov. 7, 2014).

Plaintiff argues that the interest of justice warrants denial of Defendant's motion. Doc. No. 45 at 8. Plaintiff accuses Defendant of forum shopping because it initially filed a Rule 12(b)(3) motion to dismiss alleging improper venue and lied about its presence in this District. *Id.* After Defendant withdrew its motion, it filed the instant motion to transfer to the Northern District of California for the convenience of the parties. *Id.*

Plaintiff also argues that Defendant sought to transfer its "patent infringement counterclaim to the Eastern District of Texas" in a pending Eastern District of Virginia case. *Juniper Networks,*

*Inc. v. GraphOn Corporation and Vertical Marketing, Inc.,* No. 1:09-CV-287, Doc. No. 27 at 1 (E.D. Va. May 22, 2009). Plaintiff notes that Defendant argued that transfer to the Eastern District of Texas was appropriate because of "pending, related litigation" and the forum's familiarity with at least one of the transferred patents. *Juniper Networks, Inc. v. GraphOn Corporation and Vertical Marketing, Inc.,* No. 1:09-CV-287, Doc. No. 28 at 9, n.29 (E.D. Va. May 22, 2009).

Plaintiff contends that Defendants "disparate § 1404(a) motions—one to transfer *to* this District and now another to transfer *from* this [D]istrict—illustrate that Juniper Networks is most interested in shopping for its ideal forum." Doc. No. 45 at 9. Plaintiff also argues that the pending Blue Spike lawsuits in the Eastern District of Texas warrant denial of Defendant's Motion to Transfer because they involve some of the patents-in-suit. Doc. No. 45 at 6.[2]

Defendant argues that the pending Blue Spike lawsuits in this District involve only five of the fourteen patents-in-suit. Doc. No. 50 at 4. Defendant also emphasizes that there is a pending Blue Spike case against Toshiba in the Northern District of California, which involves eleven of the fourteen patents-in-suit. *Id.*.

Plaintiff has since submitted a notice to the Court indicating that the pending Toshiba case in the Northern District of California has been dismissed. Doc. No. 68-1. Thus, Plaintiff asserts that it has no pending litigation in the Northern District of California. Doc. No. 68 at 1.

With respect to Plaintiff's forum shopping argument, Defendant argues that a party's prior forum selection is irrelevant to a transfer analysis. Doc. No. 50 at 2.

Indeed, the Federal Circuit held that "the district court's consideration of the [Defendant's previous choice to file in the transferor forum] was clear error" because a §1404(a) analysis requires "individualized, case-by-case consideration of convenience and fairness." *In re Genetech,*

---

[2] Plaintiff also notes that it filed a motion to consolidate pretrial proceedings through multidistrict litigation under Section 1406, which warrants denial of the motion to transfer, but that motion was denied. Doc. No. 45 and 58.

566 F.3d at 1346 (internal quotations and citations omitted). Because a defendant's previous choice of forum is irrelevant in a transfer analysis, this factor is neutral.

    b. *Public Interest Factors*

        i. *Administrative Difficulties Flowing From Court Congestion*

The first public interest factor is the administrative difficulties flowing from court congestion. *Id*. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Generally, this factor weighs in favor of the venue with the faster time to trial, but the speed of the transferee district court does not alone outweigh the other factors. *See In re Genetech, Inc.,* 566 F.3d 1338, 1347 (Fed. Cir. 2009).

Defendant contends that this factor is neutral. Doc. No. 32 at 12. Plaintiff disagrees and bases its conclusion on unsubstantiated attorney argument. Doc. No. 45 at 13. This factor is neutral.

        ii. *Interest in Having Localized Interests Decided at Home*

The second public interest factor is the interest in having particularized localized interests decided at home. *Volkswagen I*, 371 F.3d at 205-06; *In re TS Tech Corp.,* 551 F.3d 1315, 1321 (Fed. Cir. 2008). This factor considers the connection of the chosen venue's locality to the events giving rise to the suit. *See id.* at 205-06.

Defendant argues that this factor weighs in favor of transfer because the accused products were developed, marketed, and updated in the Northern District of California. Doc. No. 32 at 13. Defendant notes that Blue Spike's only connection to the Eastern District of Texas is its office located in Tyler and Moskowitz's residence in Flower Mound, so there is more of a localized interest in the Northern District of California. Doc. No. 32 at 13.

Plaintiff argues that this factor weighs against transfer because Blue Spike is a Texas corporation located in Tyler and thus, the residents in the Eastern District of Texas have localized interest in this suit. Doc. No. 45 at 13.

Because the parties have strong ties to both the Northern District of California and the Eastern District of Texas, this factor is neutral.

### iii. Familiarity of the Forum with the Governing Law

The third public interest factor is the familiarity of the forum with the law that will govern the case. *Volkswagen I*, 371 F.3d at 203. Because the judges in both the Eastern District of Texas and Northern District of California are familiar with federal patent law, this factor is neutral. *Astute Tech., LLC v. Learner's Digest Int'l. LLC*, Case No. 2:12-cv-689-WCB, 2014 WL 12596468, at *10 (E.D. Tex. April 28, 2014).

Defendant contends that this factor is neutral. Doc. No. 32 at 13. Plaintiff does not argue this point. Doc. No. 45 at 13. This factor is neutral.

### iv. Avoidance of Unnecessary Problems of Conflict of Laws

The fourth public interest factor is the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Volkswagen I*, 371 F.3d at 203.

Defendant contends that this factor is neutral. Doc. No. 32 at 13. Plaintiff does not argue this point. Doc. No. 45 at 13. This factor is neutral.

## CONCLUSION

A defendant seeking transfer bears the evidentiary burden of establishing that the transferee forum is clearly more convenient than the transferor forum where a plaintiff filed the case. *See Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. Here, two factors favor transfer while the rest are neutral and thus, the Northern District of California is a clearly more convenient forum.

Accordingly, the Court **GRANTS** the Motion to Transfer Venue to the Northern District of California.

So ORDERED and SIGNED this 8th day of March, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE